UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL BALDWIN,

        Plaintiff,

v.                                                                                          Case No. 1:14-cv-1172
                                                                                            Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB).

Plaintiff was born in 1952. PageID.174. He completed high school and had past employment as a machine operator, an international representative for a union, and a legal assistant. PageID.177-178. He alleged a disability onset date of December 12, 2011. PageID.174. Plaintiff identified his disabling condition as stage three kidney disease. PageID.177. The administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on July 19, 2013. PageID.37-43. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

### I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C.

§405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. § 404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she

>is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fourth step of the evaluation. At the first step, the ALJ found that he had not engaged in substantial gainful activity since the alleged onset date of December 12, 2011, and that he met the insured status requirements of the Act through December 31, 2016. PageID.39. At the second step, the ALJ found that plaintiff had severe impairments of chronic renal failure and degenerative disc disease of the lumbar spine. *Id.* At the third step, the ALJ found that

plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.40.

The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. 404.1567(a) except occasionally climb ramps and stairs; occasionally climb ladders, ropes and scaffolds, balance, stoop, kneel, crouch and crawl; limited to no overhead reaching with the bilateral upper extremities; and requires the ability to stretch near the workstation for a few minutes every hour.

PageID.40-41. The ALJ also found that plaintiff was capable of performing his past relevant work as a union representative and legal assistant, work which does not require the performance of work-related activities precluded by his residual functional capacity (RFC). PageID.43. Accordingly, the ALJ found that plaintiff has not been under a disability, as defined in the Social Security Act, from December 12, 2011 (the alleged onset date) through July 19, 2013 (the date of the decision). PageID.43.

### III. ANALYSIS

Plaintiff did not set forth a Statement of Errors as directed by the Court. *See* Notice (docket no. 7). The Court construes the brief as raising the following issue:

**The ALJ erred in evaluating plaintiff's credibility.**[1]

"[C]redibility determinations with respect to subjective complaints of pain rest with the ALJ." *Siterlet v. Secretary of Health and Human Services*, 823 F. 2d 918, 920 (6th Cir. 1987). An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence." *Walters*, 127 F.3d at 531. "It [i]s for

---

[1] Arguments which are not related to this issue or which fail to articulate as to how the facts and findings in this matter apply to the cited authority are deemed waived.

the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony." *Heston*, 245 F.3d at 536., *quoting Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972). The court "may not disturb" an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The threshold for overturning an ALJ's credibility determination on appeal is so high, that in recent years, the Sixth Circuit has expressed the opinion that "[t]he ALJ's credibility findings are unchallengeable," *Payne v. Commissioner of Social Security*, 402 Fed. Appx. 109, 113 (6th Cir. 2010), and that "[o]n appeal, we will not disturb a credibility determination made by the ALJ, the finder of fact . . . [w]e will not try the case anew, resolve conflicts in the evidence, or decide questions of credibility." *Sullenger v. Commissioner of Social Security*, 255 Fed. Appx. 988, 995 (6th Cir. 2007). Nevertheless, an ALJ's credibility determinations regarding subjective complaints must be reasonable and supported by substantial evidence. *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 249 (6th Cir. 2007).

   The ALJ summarized plaintiff's alleged symptoms as follows:

> The claimant testified due to his kidney disease he experiences fatigue, has muscle spasms and has difficulty sleeping, which ultimately caused him to stop working in late 2011. Moreover, he stated he has numbness in his left leg and right foot and that he has shooting pain. In addition, the claimant stated he has shooting pains and has flare-ups every day. Further, he alleged due to his back pain he has to lie down on the floor. Moreover, he testified his pain and fatigue limits his ability to do household activities and chores. Additionally, he stated he has difficulty sitting, standing, or walking for even short periods of time and problems lifting overhead.

PageID.41.

   The ALJ found that plaintiff's chronic renal failure led to his complaints of fatigue. PageID.42. Plaintiff was hospitalized in May 2011 for chronic renal insufficiency. PageID.42, 246.

After his hospital admission, the ALJ observed that there was no evidence in the record referencing substantial treatment or complaints related to the kidney failure, except for fatigue. PageID.42.

The ALJ also found that plaintiff had a history of lower back pain. PageID.39. The ALJ noted that plaintiff's treatment for his back did not start until 2013, more than one year after his alleged disability onset date. PageID.42. Patrick Ronan, M.D., treated plaintiff's back pain. PageID.39. Based on an MRI from May 2013, Dr. Ronan diagnosed L5 radiculopathy, and recommended selective nerve block of L5. PageID.39-40, 357-361. The ALJ addressed plaintiff's history of back pain as follows:

> Dr. Ronan's report confirmed the claimant had only two programs of physical therapy, he had not participated in pain management, while he was referred for nerve block therapy, there is no indication in the record, the claimant actual underwent the procedure. Additionally, he had no surgical intervention nor did he require the use of an assistive device for ambulation. Further, the claimant testified he was able to golf, mow the lawn with a riding lawn mower, and work out at the gym within the last year.

PageID.42. In addition, the record reflects that when visiting Dr. Ronan on May 14, 2013, plaintiff rated the intensity of his back pain as only a "2" on a scale of 10 and ambulated with a normal gait. PageID.357.

Based on this record, the ALJ found that plaintiff was "capable of performing sedentary work and can occasionally climb ramps and stairs; occasionally climb ladders, ropes and scaffolds, balance, stoop, kneel, crouch and crawl." PageID.42. The ALJ further stated that she accommodated "[plaintiff's] complaints of fatigue, upper back pain and stiffness with extended sitting and finds him limited to no overhead reaching with the bilateral upper extremities, with the ability to stretch near the workstation for a few minutes every hour." *Id.* There is no compelling reason to disturb the ALJ's credibility determination in this case. *Smith*, 307 F.3d at 379.

Accordingly, plaintiff's claim of error is denied.

### IV.  CONCLUSION

The ALJ's determination is supported by substantial evidence.  The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g).  A judgment consistent with this opinion will be issued forthwith.


Date: March 21, 2016                                     /s/ Ray Kent
                                                         Ray Kent
                                                         United States Magistrate Judge